IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BILLIE ODLE CARTER,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )        No. 04-2950 Ma/V
SHERRI A. McCLAIN,                     )
                                       )
        Defendant.                     )
                                       )
_____

ORDER DENYING DEFENDANT'S MOTION IN LIMINE
_____

        Before the court is Defendant Sherri A. McClain's
("McClain") motion in limine, filed on March 17, 2006. McClain
seeks an order excluding or limiting the testimony of Jerry
Engelberg, M.D. ("Dr. Engelberg"). Plaintiff Billie Odle Carter
("Carter") filed a response on March 22, 2006. For the following
reasons, McClain's motion is DENIED.

        Dr. Engelberg is a neurosurgeon who treated Carter for a
herniated disc and spondylosis after the car accident that forms
the basis of this lawsuit. Carter intends to introduce deposition
testimony from Dr. Engelberg to show damages and causation.
McClain argues, however, that cross-examination by defense
counsel at Dr. Engelberg's deposition revealed that his opinion
as to the cause of Carter's injuries was based on an incomplete
medical history and that, when presented with more accurate

1

information, Dr. Engelberg could only speculate as to the cause of Carter's injuries. Therefore, McClain asserts that Dr. Engelberg's testimony is not admissible under Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

As the Sixth Circuit has held, however,

Medical diagnoses and treatments are...commonly and appropriately made without the luxury of detailed medical histories. Opinions rendered on questions of health, possible causes of maladies, and their treatments are, nevertheless, still routinely offered in federal courts pursuant to the standards of Federal Rules of Evidence 702 and 703. In those instances, as in this case, the incomplete bases for the expert testimony are subject to the crucible of cross-examination and affect the weight properly given to the scientific or medical evidence, not the admissibility of such information at trial.

<u>Laski v. Bellwood</u>, 132 F.3d 33 (tbl.), 1997 WL 764416, at *4 (6th Cir. Nov. 26, 1997). It is proper for the jury to decide how much weight to give Dr. Engelberg's testimony given the concerns raised by defense counsel in cross-examination.

For the foregoing reasons, Defendant Sherri A. McClain's motion in limine is DENIED.

So ordered this 24th day of March 2006.

s/Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.

UNITED STATES DISTRICT JUDGE